UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PUBLIC CITIZEN, INC.,<br>       1600 20th Street NW<br>       Washington, DC 20009,<br><br>              Plaintiff,<br><br>       v.<br><br>DEPARTMENT OF LABOR,<br>       200 Constitution Avenue NW<br>       Washington, DC 20210,<br><br>       and<br><br>OFFICE OF FEDERAL CONTRACT<br>COMPLIANCE PROGRAMS,<br>       200 Constitution Avenue NW<br>       Washington, DC 20210,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 18-433 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.     Plaintiff Public Citizen, Inc., brings this action to compel the Department of Labor (DOL) and the Office of Federal Contract Compliance Programs (OFCCP) within DOL to produce copies of correspondence relating to Freedom of Information Act (FOIA) requests. This action also seeks to compel OFCCP to cease its policy and practice of refusing to disclose certain correspondence between the agency and FOIA requesters in response to FOIA requests, based on the claim that the correspondence constitutes "law enforcement" records subject to FOIA exemption 7. This action arises under the FOIA, 5 U.S.C. § 552, and the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 & 706

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Public Citizen is a nonprofit research, litigation, and advocacy organization that represents the public interest before the executive branch, Congress, and the courts. Among other things, Public Citizen fights for openness and democratic accountability in government; for strong worker protections; and for access to justice for workers and consumers.

4. Defendant DOL is an agency of the United States, and defendant OFCCP is a component of defendant DOL. Defendants have possession and control over the records that Plaintiff seeks.

## BACKGROUND

**EEO-1 Reports**

5. OFCCP is the component of DOL that enforces the nondiscrimination and affirmative action requirements imposed on federal contractors by Executive Order 11246, as amended, the Vietnam Era Veterans' Readjustment Assistance Act (VEVRAA), and Section 504 of the Rehabilitation Act.

6. OFCCP and the Equal Employment Opportunity Commission (EEOC), via a "Joint Reporting Committee" housed at the EEOC, together administer a data collection instrument referred to as the "EEO-1 report."

7. Certain private employers are required to complete and submit EEO-1 reports annually, to provide certain demographic data about their workforces.

8. The Joint Reporting Committee provides to OFCCP copies of EEO-1 reports submitted by employers that self-identify as covered federal contractors.

9. OFCCP does not proactively make these EEO-1 reports available to the public. Rather, to obtain copies of the reports, individuals and institutions, including media, must submit a FOIA request.

10. There has been an ongoing public debate about what data should be collected on the EEO-1 form, as well as the usefulness of that data. Revisions to the form adopted in September 2016 have purportedly been "stayed" by the Administrator of the Office of Information and Regulatory Affairs. *See* Memorandum from Neomi Rao to Acting EEOC Chair Victoria Lipnic, Aug. 29, 2017, https://www.reginfo.gov/public/jsp/Utilities/Review_and_Stay_Memo_for_EEOC.pdf.

**Plaintiff's First FOIA Request (Tracking No. 840013)**

11. On September 7, 2017, Plaintiff submitted a FOIA request to DOL seeking:

> (1) A copy of each FOIA request for one or more EEO-1 reports obtained by the Office of Federal Contract Compliance Programs (OFCCP), submitted by a requester from September 1, 2014, through the date of processing this request; and
>
> (2) All correspondence from the agency to the requester concerning each FOIA request referenced above, not including the records produced in response to any such request.

12. By e-mail dated September 11, 2017, DOL confirmed receipt of the request and noted assignment of the request to OFCCP.

13. By e-mail and letter, both dated December 7, 2017, OFCCP provided a final response to this FOIA request.

14. As part of its response, OFCCP produced a chart listing 21 FOIA requests and providing the name and organizational affiliation of the requester, a summary of the request, the date of the request, and a list of responsive documents.

15. For three of the 21 responsive records listed on the chart (Nos. 838133, 840013, 845494), the chart included only the FOIA number, the date of request, and the phrase "Withheld FOIA Exemption 7A." For a fourth request (No. 841897), the "documents" field indicated that documents described as "841897 ack" and "841897 toll" were "Withheld FOIA Exemption 7E."

16. OFCCP produced 135 pages of responsive documents via e-mail. OFCCP did not produce documents relating to FOIA Request Numbers 838133, 840013, and 845494. OFCCP also withheld the documents referred to as "841897 ack" and "841897 toll."

17. Plaintiff contacted OFCCP by telephone to ascertain the basis for OFCCP's invocation of exemptions 7A and 7E.

18. OFCCP advised that, as a matter of policy, it withholds all records related to "open" FOIA requests on the theory that they fall within the scope of FOIA exemption 7.

19. On January 3, 2018, Plaintiff appealed to DOL OFCCP's partial denial of its request; the appeal explained that exemptions 7A and 7E do not apply to the withheld records. Plaintiff requested that the withheld documents be produced and that OFCCP terminate its policy of treating FOIA requests as law enforcement records and/or law enforcement proceedings subject to exemption 7.

20. More than 20 working days have passed since DOL's receipt of the appeal, and DOL has not responded.

**Plaintiff's Second FOIA Request (Tracking No. 848492)**

21. On January 4, 2018, Plaintiff submitted a FOIA request to DOL seeking:

  (1) A copy of each FOIA request for one or more EEO-1 reports obtained by the Office of Federal Contract Compliance Programs (OFCCP), submitted by a requester from November 8, 2017, through the date of processing this request; and

  (2) All correspondence from the agency to the requester concerning each FOIA request referenced above, not including the records produced in response to any such request.

  22. By e-mail dated January 9, 2018, DOL confirmed receipt of the request and noted assignment of the request to OFCCP.

  23. Via e-mail and letter, both dated January 10, 2018, OFCCP provided a final response to this FOIA request. In addition, OFCCP stated that it was "proactively updating [Plaintiff] on the status of the three open FOIAs from [Plaintiff's First FOIA] request."

  24. As part of its response, OFCCP included a page titled "Attachment A," which contained two charts: one titled "Update from FOIA 840013" and one titled "Current FOIA." The charts contained columns titled "FOIA number," "Requester," "Organization," "Request Summary," "Date," and "Documents."

  25. For two of the three responsive records listed on the "Current FOIA" chart (FOIA requests 846766 and 848514), the chart provided only the request number, the date of the request, and the phrase "Withheld FOIA Exemption 7A."

  26. The only request listed on the "Current FOIA" chart for which OFCCP provided information in each column and released records was Plaintiff's own January 4, 2018 request—the very request to which OFCCP was responding.

  27. In the chart titled "Update from FOIA 840013," OFCCP listed three of the four requests that appeared on the chart it sent on December 7 in response to Plaintiff's first FOIA request. For two of the requests listed on the chart (838133, 845494), the only information provided was the phrase "Withheld FOIA Exemption 7A" and the date of the request.

28. The third item on the "Update from FOIA 840013" chart was request 840013. In its December chart, OFCCP had disclosed only the date of the request and stated "Withheld FOIA Exemption 7A." In the January 10 chart, all the columns were completed for this request. The now-completed columns revealed that OFCCP had in December withheld under exemption 7A information and records concerning Plaintiff's own September 7, 2017 request.

29. OFCCP's January 10, 2018 response included copies of Plaintiff's two FOIA requests and OFCCP's responses thereto. OFCCP withheld all other responsive records.

30. On January 22, 2018, Plaintiff submitted an appeal of OFCCP's partial denial of its January 4 request to DOL and explained that exemption 7A does not apply to the withheld records. Plaintiff requested that the withheld documents be produced and that OFCCP terminate its policy of treating FOIA requests as law enforcement records and/or law enforcement proceedings subject to exemption 7.

31. More than 20 working days have passed since DOL's receipt of the appeal, and DOL has not responded.

**FIRST CLAIM FOR RELIEF**
**(FOIA – Failure to Disclose Responsive Records)**

32. Plaintiff has exhausted all administrative remedies with respect to its September 7, 2017 and January 4, 2018 FOIA requests.

33. Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested, and there is no legal basis for OFCCP's and DOL's failure to disclose them.

**SECOND CLAIM FOR RELIEF**
**(FOIA – Policy and Practice of Unlawful Withholding)**

34.     Plaintiff has submitted two FOIA requests to DOL for copies of FOIA requests for EEO-1 documents and related correspondence, and it plans to submit such FOIA requests in the future.

35.     Plaintiff has a statutory right under 5 U.S.C. § 552(a)(3)(A) to the release of the FOIA requests and related correspondence it seeks.

36.     The final responses from OFCCP dated December 7, 2017, and January 10, 2018, as well as a telephone conversation with OFCCP's FOIA Officer, demonstrate that OFCCP has adopted a policy of withholding from disclosure any records related to "open" FOIA requests and claiming that FOIA exemption 7 applies to those records.

37.     FOIA exemption 7 allows agencies to withhold "records or information compiled for law enforcement purposes" "only to the extent" that they meet one of six further requirements.

38.     Neither the FOIA requests received by DOL and OFCCP nor correspondence related to these requests constitute records or information compiled for law enforcement purposes.

39.     FOIA exemption 7A allows agencies to withhold law enforcement records if production "could reasonably be expected to interfere with enforcement proceedings."

40.     Agency processing of a FOIA request is not an enforcement proceeding.

41.     Neither the disclosure of a FOIA request nor the disclosure of any correspondence with a member of the public relating to that request could reasonably be expected to interfere with any enforcement proceeding.

42.     FOIA exemption 7E allows agencies to withhold law enforcement records if production "would disclose techniques and procedures for law enforcement investigations or

prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

43. The processing of a FOIA request is not a "law enforcement investigation or prosecution."

44. Neither the disclosure of a FOIA request nor the disclosure of any correspondence with a member of the public relating to that request could reasonably be expected to risk circumvention of the law.

45. OFCCP's categorical policy and practice of withholding responsive documents relating to "open" FOIA requests results in repeated violations of FOIA and constitutes an ongoing failure to abide by the statute.

46. Plaintiff has been and will continue to be harmed by Defendants' unlawful policy and practice because OFCCP continues to withhold non-exempt responsive documents in response to Plaintiff's successive requests.

## THIRD CLAIM FOR RELIEF
### (APA – Policy or Practice of Unlawful Withholding)

47. OFCCP's policy and practice of categorically withholding responsive documents relating to "open" FOIA requests pursuant to Exemption 7 constitutes final action that is arbitrary and capricious and not in accordance with law, 5 U.S.C. § 706.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

A. Declare that Defendants' withholding of records in response to Plaintiff's FOIA requests is unlawful under FOIA, 5 U.S.C. § 552(a)(3);

B. Order Defendants to make the responsive records available to Plaintiff;

C. Declare that Defendants' policy and practice of categorically withholding documents relating to "open" FOIA requests by asserting FOIA exemption 7 is unlawful;

D. Enjoin Defendants from withholding records relating to "open" FOIA requests in response to Plaintiff's pending and future FOIA requests seeking such records pursuant to exemption 7;

E. Award Plaintiff its costs and reasonable attorney fees under 5 U.S.C. § 552(a)(4)(E) and the Equal Access to Justice Act, 28 U.S.C. § 2412, as applicable; and

F. Grant all other relief as this Court may deem just and proper.

Dated: February 26, 2018                    Respectfully submitted,

/s/ Adam R. Pulver
Adam R. Pulver (D.C. Bar No. 1020475)
Patrick D. Llewellyn (D.C. Bar No. 1033296)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street NW
Washington, DC 20009
202-588-1000

*Counsel for Public Citizen, Inc.*